UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No. 10 B 04352 |
| | ) | |
| WILLIE J. AND PEGGY A. JONES, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | Judge Pamela S. Hollis |

## MEMORANDUM OPINION

This matter comes before the court on the Motion to Amend Plan and Certain Limited Relief from Order Confirming Plan filed by State Jewelers & Loan ("State") in the bankruptcy case of Willie J. and Peggy A. Jones ("Debtors"). For the reasons stated below, State's Motion to Amend Plan is denied.

### JURISDICTION AND PROCEDURE

The court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (G), and (O).

### FACTS AND BACKGROUND

Debtors filed a voluntary petition for Chapter 13 bankruptcy on February 4, 2010. Debtors' Schedule D listed a debt owed to State in the amount of $1000 secured by certain jewelry pawned by Debtors. Debtors also filed a copy of their Chapter 13 plan on February 4, 2010, which provided that State would be paid $25 per month at an annual percentage rate of 4%, for a total of $1,100. Notice of the bankruptcy filing, the plan, and the 11 U.S.C. § 341 meeting of creditors was sent to all creditors listed on Debtors' schedules by the Office of the Clerk of the Court.

The notice contained the following language:

> You may be a creditor of the debtor. This notice lists important deadlines. You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

The Certificate of Notice listed State's address as 9 North Wabash in Chicago, Illinois, the same address listed in State's Motion to Amend Plan.

Debtors' plan was subsequently amended on March 30, 2010, and April 2, 2010, but the provision relating to State's claim was not changed. Debtors' plan filed April 2, 2010 ("Plan") was confirmed by order of this court on April 5, 2010 ("Confirmation Order"). Prior to confirmation, State did not object to the Plan nor was an appearance filed by an attorney on State's behalf.

On December 21, 2010, Debtors filed a Motion for Damages pursuant to 11 U.S.C. § 362(k). State's response was due January 31, 2011, but no response was filed. On December 28, 2010, State filed this Motion to Amend Plan, which sought leave to amend the Plan as well as relief from the Confirmation Order. Debtors' response was due January 31, 2011, but no response was filed. On February 7, 2011, State filed as attachments three pawn tickets relating to the pawned items on Debtors' schedules and provided for in the Plan. On February 11, 2011, Debtors filed a Motion to Extend Time to Reply to State's Motion to Amend Plan based on State's late filing of the attachments.

## DISCUSSION

State seeks leave to amend the Plan, pursuant to 11 U.S.C. § 1329, relief from stay pursuant to 11 U.S.C. § 362(d), and relief from the Confirmation Order, pursuant to Federal Rule of Civil Procedure 60(b), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9024.

2

## I. Section 1329

State alleged in the Motion to Amend Plan that the pawned property was never part of Debtors' estate since Debtors failed to properly redeem the property as required under 11 U.S.C. § 541(b)(8). State first asserts that it should be given leave to amend under 11 U.S.C. § 1329. Section 1329(a) states that after confirmation, a plan may be modified "upon request of the debtor, the trustee, or the holder of an allowed unsecured claim[.]" The Plan lists State as a secured creditor, though State argues that it not a creditor at all. Under either position, State does not have standing to bring a motion under § 1329(a) because it is not the debtor, the trustee, or an unsecured creditor. *See In re Rosenthal*, 233 B.R. 815, 818 (Bankr. C.D. Ill. 1999) ("As [the creditor] holds a co-signed obligation, it is a secured creditor and only a debtor, the Trustee, or the holder of an unsecured claim can seek modification.")

## II. Section 362(d)

Section 362(d) allows relief from the automatic stay upon "request of a party in interest and after notice and a hearing . . . for cause, including lack of adequate protection of an interest in property of such party in interest[.]" 11 U.S.C. § 362(d)(1). "Cause" has not been clearly defined by courts and is generally determined on a case-by-case basis. *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991). The moving party must make out a prima facie case that cause exists to modify the stay; the burden then shifts to the debtor to prove that it does not. *In re Petroleum Piping Contractors, Inc.*, 211 B.R. 290, 307 (Bankr. N.D. Ind. 1997). A three factor test exists to determine whether "cause" exists. Courts should consider (1) whether great prejudice to the bankruptcy estate or the debtor will result; (2) whether the hardship to the secured creditor considerably outweighs the hardship of the debtor; and (3) the likelihood the

3

creditor will prevail on the merits. *In re Pro Football Weekly, Inc.*, 60 B.R. 824, 826 (Bankr. N.D. Ill. 1986).

An order confirming a Chapter 13 plan has a res judicata effect on all issues which were decided, or could have been decided, at the time of confirmation. 11 U.S.C. § 1327(a); *Jones v. United States (In re Jones)*, 134 B.R. 274, 277 (N.D. Ill. 1991). A party with adequate notice of a bankruptcy proceeding cannot typically challenge a confirmed plan. *In re Harvey*, 213 F.3d 318, 321 (7th Cir. 2000). A creditor may not "stick its head in the sand and pretend it would not lose any rights by not participating in the proceedings." *In re Pence*, 905 F.2d 1107, 1109 (7th Cir. 1990). "The only possible legitimate causes of action for relief from the stay after confirmation would relate to matters occurring after confirmation such as failure to receive periodic payments provided for in the plan or that [the] debtor was willfully committing waste or failing to insure, etc." *Ford Motor Credit Co. v. Lewis (In re Lewis)*, 8 B.R. 132, 137 (Bankr. Idaho 1981).

State fails to explain why it has waited eight months after the confirmation of the Plan and the Trustee's first payment to argue that the pawned property was not property of the estate. State had opportunity prior to confirmation to contest its treatment under the Plan, but failed to do so. State does not even argue in its motion that it failed to receive notice of Debtors' bankruptcy proceeding or of the Plan. There is a presumption that a properly mailed item was received by the addressee. *See Hagner v. United States*, 285 U.S. 427, 430, 52 S. Ct. 417, 76 L. Ed. 861 (1932); *Vincent v. City Colls. of Chicago*, 485 F.3d 919, 922 (7th Cir. 2007). Since State fails to argue that it failed to receive notice and State's correct address was listed on the Certificate of Notice, it is presumed that State had notice of the bankruptcy proceeding and of the Plan.

State's § 362(d) claim is denied because it is barred by the res judicata effect of the confirmed Plan.

**III.   Rule 60(b)**

State cites four provisions within Rule 60(b) as bases for relief. Those provisions permit relief from stay from a judgment or order for, *inter alia*,

> (1) mistake, inadvertence, surprise, or excusable neglect; . . .
> (3) fraud . . . misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void; . . .
> (6) any other reason that justifies relief.

State filed attachments to its Motion to Amend Plan, but those attachments were filed one week after Debtors' response was due. State did not request that it be granted leave to amend. As such, the court will not consider the attachments part of the Motion to Amend Plan. The court notes, however, that even if the attachments were considered it would not affect the outcome of this matter.

   a. <u>Rule 60(b)(1)</u>

State first argues that the Plan's confirmation was based upon a mistake – Debtors' misrepresentations regarding the debt, justifying relief from judgment under Rule 60(b)(1). Relief from judgment under Rule 60(b)(1) may be granted for mistake, inadvertence, surprise, or neglect. It is an extraordinary remedy and should be granted only in exceptional circumstances. *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997). A Rule 60(b)(1) motion must be brought within a reasonable time, but must be within one year of the entry of judgment. Fed. R. Civ. P. 60(c)(1). The burden of proving a Rule 60 motion rests upon the movant. *Helm v. Resolution Trust Corp.*, 84 F.3d 874, 878 (7th Cir. 1996). "[A] petitioner only warrants relief under Rule 60(b)(1) when he demonstrates that a mistake is

attributable to special circumstances and not simply an erroneous legal ruling." *In re Hunt*, 293 B.R. 191, 195 (Bankr. C.D. Ill. 2003). The Seventh Circuit has held that ignorance or carelessness on the part of a litigant or attorney cannot be grounds for relief under Rule 60(b). *N. Cent. Ill. Laborers' Dist. Council v. S.J. Groves & Sons Co., Inc.*, 842 F.2d 164, 167 (7th Cir. 1988).

State's only argument that relief is proper under Rule 60(b)(1) is that Debtors misrepresented the status of their debt with State. State does not explain why the circumstances surrounding the alleged mistake are exceptional or special. State does not argue that it was not given notice of the bankruptcy proceedings or of the Plan. It does not argue that it was unable to attend any of the bankruptcy proceedings, such as the § 341 meeting of creditors or confirmation hearing. In fact, it appears that State simply chose to forego participating in the bankruptcy proceeding until after confirmation when it realized, too late, that its interests were affected. These circumstances are not special and certainly not so extraordinary as to justify relief under Rule 60(b)(1). *See e.g. In re Czykoski*, 320 B.R. 385, 389 (Bankr. N.D. Ind. 2005) (debtors' attorney's deliberate failure to attend hearing did not constitute mistake, surprise, or excusable neglect). As such, State's argument under Rule 60(b)(1) is denied.

b. Rule 60(b)(3)

State next argues that the material omissions and misrepresentations of Debtors constitute fraud, misrepresentation, and misconduct that warrants relief from judgment under Rule 60(b)(3). A Rule 60(b)(3) motion must be brought within one year of the date of entry of judgment. Fed. R. Civ. P. 60(c)(1). In order to obtain relief under Rule 60(b)(3), the movant must show that: "(1) the party maintained a meritorious claim at trial; and (2) because of the fraud, misrepresentation or misconduct of the adverse party; (3) the party was prevented from fully and

6

fairly presenting its case at trial." *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995) (citing *Green v. Foley*, 856 F.2d 660, 665 (4th Cir. 1988)).

State fails to allege that due to the mistake, it was prevented from fully and fairly presenting its motion during the pendency of Debtors' bankruptcy. The mistake related to the propriety of the scheduled debt. State provides no reason, such as lack of notice, that it was unable to litigate this matter prior to confirmation of the Plan. *Cf. In re Aztec Supply Corp.*, 399 B.R. 480, 492 (Bankr. N.D. Ill. 2009) (holding that misrepresentation that complete notice of motion had been given was sufficient to grant relief under Rule 60(b)(3)). State's argument with respect to Rule 60(b)(3) is, therefore, denied.

   c. Rule 60(b)(4)

State asserts that the Confirmation Order was based on a premise which is conclusively false, causing the Confirmation Order to be void and warranting relief from judgment pursuant to Rule 60(b)(4). The Supreme Court recently weighed in on Rule 60(b)(4) in *United Student Aid Funds, Inc. v. Espinosa*, ___ U.S. ___, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010). In *Espinosa*, a Chapter 13 debtor obtained confirmation of a plan which proposed to repay only the principal of a student loan and to discharge the interest in contravention of the Bankruptcy Code, which requires an adversary proceeding to determine whether "undue hardship" exists. *Id.* at 1374. United, the creditor to whom Espinosa owed the student loan debt, did not object to its treatment under the plan. *Id.* After Espinosa completed all plan payments, the student loan interest was discharged. *Id.* Three years after discharge, the U.S. Department of Education sought to collect the unpaid interest. *Id.* Espinosa responded by filing a motion asking the bankruptcy court to enforce the discharge order by directing the Department of Education and United to cease all

collection efforts on the unpaid interest. *Id.* United opposed Espinosa's motion, arguing that the discharge order was void under Rule 60(b)(4). *Id.*

The Court defined a void order as a legal nullity; "one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *Id.* at 1377. "'A judgment is not void,' . . . 'simply because it is or may have been erroneous.'" *Id.* (quoting *Hoult v. Hoult*, 57 F.3d 1, 6 (1st Cir. 1995)). Rule 60(b)(4) applies only where a judgment is premised on a jurisdictional error or upon "a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* The Court found that the failure to initiate an adversary proceeding to make an "undue hardship" determination, though a legal error, did not warrant relief from judgment under Rule 60(b)(4) because United had actual notice of the filing and contents of Espinosa's plan, more than satisfying United's due process rights. *Id.* at 1378.

As discussed above, State does not argue that it failed to receive notice of Debtors' bankruptcy or of the Plan. State was listed on the Certificate of Notice issued by the Office of the Clerk of the Court and is presumed to have had notice. Even if the inclusion of State in the Plan was in error, State fails to allege that its due process rights were violated. Based on the Supreme Court's ruling in *Espinosa*, State's Rule 60(b)(4) claim is denied.

d. Rule 60(b)(6)

Finally, State claims that injustice from the Confirmation Order is inequitable and not anticipated by the court at the time of entry of the Confirmation Order and that the harm is substantial and greatly outweighs any alleged harm to Debtors, justifying relief from judgment pursuant to Rule 60(b)(6).

Rule 60(b)(6) is not the place to bring up issues that could have been argued during previous motions. *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005). "[I]f the

asserted grounds for relief fall within the terms of the first three clauses of Rule 60(b), relief under the catchall provision [Rule 60(b)(6)] is not available." *Wesco Prods. Co. v. Alloy Automotive Co.*, 880 F.2d 981, 983 (7th Cir. 1989). State has already made arguments under both Rule 60(b)(1) and 60(b)(3). Since State's arguments are best categorized as relating to misrepresentation and fraud, Rule 60(b)(6) is unavailable to State.

## CONCLUSION

For the foregoing reasons, State's Motion to Amend Plan is denied.

ENTERED:

DATE: FEB 2 4 2011

PAMELA S. HOLLIS
United States Bankruptcy Judge

# CERTIFICATE OF SERVICE

Bankruptcy Case Number:     10 B 04352
Case Name:                  Willie J., and Peggy A. Jones

I, Steven P. Beckerman, Courtroom Deputy to the Honorable Pamela S. Hollis, do hereby certify that on the 24th day of February 2011, I caused to be served in open court, via the court's electronic notification system, or (**) via first class mail a true and correct copy of:

Memorandum Opinion regarding Motion to amend Chapter 13 plan, (EOD #42), dated February 24, 2011

addressed to each of the following named individuals:

| | |
|---|---|
| Willie J., and Peggy A. Jones   (**)<br>7500 S. Harlem, 2nd Fl.<br>Bridgeview, IL 60455 | Debtor |
| Thomas W. Drexler<br>Law Office of Thomas Drexler<br>77 W. Washington, Ste. 1910<br>Chicago, IL 60602 | Attorneys for Debtor |
| Jason C. Bell<br>9 S. Wabash, Ste. 102<br>Chicago, Illinois 60602 | Attorneys for Creditor |
| Marilyn O. Marshall<br>224 S. Michigan Ave., Ste 800<br>Chicago, IL 60604 | Chapter 13 Trustee |

_Steven P. Beckerman_
Steven P. Beckerman
Courtroom Deputy